IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAPLE CHASE COMPANY )<br>)<br>    Plaintiff )<br>)<br>v. )<br>)<br>UNIVERSAL SECURITY )<br>INSTRUMENTS, INC., USI ELECTRIC, )<br>INC., CEMCO, INC. and CALLAS/ )<br>KINGSLEY ELECTRICAL SALES, INC. )<br>)<br>    Defendants ) | CIVIL ACTION NO. 1:08-cv-03641<br><br>Honorable Leinenweber |

## **DEFENDANTS' ANSWER AND COUNTERCLAIMS**

Defendants, Universal Security Instruments, Inc., USI Electric, Inc., CEMCO, Inc., and Callas/Kingsley Electrical Sales, Inc. (hereafter, unless specifically identified, collectively referred to as "Defendants", and/or "Counter-Plaintiffs"), through their attorneys, hereby Answer the Complaint dated June 25, 2008 and, in part, Counterclaims against Plaintiff, Maple Chase Company (hereinafter, as applicable "Maple Chase", "Plaintiff", and/or "Counter-Defendant").

### **ANSWER**

1. Plaintiff, Maple Chase Company ("Maple Chase"), is a Delaware corporation having a regular and established place of business at 191 E. North Avenue, Carol Stream, Illinois 60188.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 1, leaving Plaintiff to its proofs and, therefore, denies same.

2. Defendant, Universal Security Instruments, Inc. ("USI"), upon information
and belief, is a Maryland corporation having a place of business at 7-A Gwynns Mill
Court, Owings Mills, Maryland 21117.

**ANSWER:** Defendant, Universal Security Instruments, Inc. admits to the allegations of

paragraph 2.

3. Defendant, USI Electric, Inc. ("USI Electric"), upon information and belief,
is a Maryland corporation, having a place of business at 7-A Gwynns Mill Court, Owings
Mills, Maryland 21117, and is believed to be a wholly owned subsidiary of Defendant,
USI.

**ANSWER:**  Defendant, USI Electric, Inc., admits to the allegations of paragraph 3.

4. Defendant, CEMCO, Inc. ("CEMCO"), upon information and belief, is an Illinois
corporation having a place of business at 205 West Grand Avenue, Suite 124,
Bensenville, Illinois 60106.

**ANSWER:**  Defendant, CEMCO, Inc. admits to the allegations of paragraph 4.

5. Defendant, Callas/Kingsley Electrical Sales, Inc. ("Callas/Kingsley"), upon
information and belief, is an Illinois corporation having a place of business at 845 Lively
Boulevard, Wood Dale, Illinois 60191.

**ANSWER:**  Defendant, Callas/Kingsley Electrical Sales, Inc., admits to the allegations

of paragraph 5.

6. This action is brought under the Patent Laws of the United States, United
States Code, Title 35, and venue and jurisdiction of this Court is conferred by United
States Code, Title 28, Sections 1338(a), 1391(c) and 1400(b). Jurisdiction and venue
are proper in this judicial district.

**ANSWER:**  Defendants admit that the action sounds in patent infringement arising

under the Untied States patent laws, but as to the remaining allegations of paragraph 6,

leaves Plaintiff to its proofs and, therefore, denies same.

7. A Reexamination Certificate for United States Patent RE 33,920 F1,
entitled "Smoke Detector Having Variable Level Sensitivity" (the "'920 reexamined
patent") was issued on May 13, 2008, and has been assigned to Maple Chase as
owner. A copy of the '920 Reexamination Certificate is attached hereto as Exhibit A.
The '920 reexamined patent was based on United States Reissue Patent 33,920
(Exhibit B), issued on May 12, 1992 (the "'920 reissue patent") which in turn was based

2

on United States Patent 4,792,797 issued on December 20, 1988 on application Serial Number 07/022,099 filed March 5, 1987.

**ANSWER:** Defendants admit that a Reexamination Certificate for United States Patent RE 33,920 F1 was issued on May 13, 2008 and purports to be assigned to Maple Chase as owner. Defendants admit that Exhibit A appears to be a copy of the '920 Reexamination Certificate and Exhibit B appears to be a copy of RE 33,920 which was based on United States Patent 4,792,797 issued on December 20, 1988 from application Serial Number 07/022,099 filed on March 5, 1987. Defendants do not admit that the Reexamination Certificate, Reissue Patent and United States Patent 4,792,797 were duly or lawfully issued or valid.

8. Maple Chase initially filed suit against the above identified defendants in the Northern District of Illinois for infringement of the '920 reissue patent in Maple Chase Company v. Universal Security Instruments, Inc., USI Electric, Inc., CEMCO, Inc. and Callas/Kingsley Electrical Sales, Inc., No. 03-cv-07205.

**ANSWER:** Admitted.

9. On April 11, 2005, that lawsuit was dismissed without prejudice pending reexamination proceedings which resulted in the '920 reexamined patent. Defendant USI made the request for reexamination which resulted in the reexamination proceedings.

**ANSWER:** Admitted.

10. The May 13, 2008, Reexamination Certificate of the Patent and Trademark Office confirmed the patentability of claims 1-17, 23, 24 and 31-38 of the '920 reexamined patent.

**ANSWER:** Defendants admit that the Reexamination Certificate states that "the patentability of claims 1-17, 23, 24 and 31-38 is confirmed" and that "claims 18-22 and 25-30 are cancelled."

11. Defendant USI Electric has offered for sale and/or sold products that infringe the '920 reexamined patent through its sale in the Northern District of Illinois and elsewhere of Model USI-1204.

3

**ANSWER:** Denied.

12. Defendant USI has, upon information and belief, made, used, offered for sale and/or sold products that infringe or are used in infringing the '920 reexamined patent, or has induced others to manufacture, use, sell and/or offer to sell products in the Northern District of Illinois and elsewhere, through its wholly owned subsidiary, USI Electric, which sells Model USI 1204, and also through USI's sale of other products.

**ANSWER:** Denied.

13. Defendant Callas/Kingsley has used, offered for sale and/or sold products that infringe the '920 reexamined patent through its sale in the Northern District of Illinois, and possibly elsewhere, of Model USI 1204.

**ANSWER:** Denied.

14. Defendant CEMCO has used, offered for sale and/or sold products that infringe the '920 reexamined patent through its sale in the Northern District of Illinois, and possibly elsewhere, of Model USI 1204.

**ANSWER:** Denied.

15. Defendants have been and are doing business in Illinois (including the Northern District), operate within Illinois (including the Northern District) with a fair measure of permanence and continuity; have purposefully availed themselves of the privilege of conducting activities within Illinois (including the Northern District); have established minimum contacts with Illinois (including the Northern District) such that they should reasonably and fairly anticipate being hailed into Court in Illinois (including the Northern District); have purposefully directed their activities at residents of Illinois; and at least a portion of the patent infringement claim alleged herein arises out of or is related to one or more of the foregoing activities.

**ANSWER:** This paragraph calls for a legal conclusion on an issue that the Plaintiff

bears the burden.  Defendants leave Plaintiff to its proofs, therefore denied.

16. Defendants infringed and induced others to infringe and contributed to the infringement of the claims of the '920 reexamined patent by making, using, selling and/or offering for sale in Illinois and elsewhere smoke detectors such as, without limitation, Model USI-1204 and similar products, as described· and claimed in the '920 reexamined patent, said infringement being willful and deliberate and without the consent of Maple Chase.

**ANSWER:** Denied.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses.

### First Affirmative Defense
### (Failure to State a Claim)

Plaintiff has failed to state a claim upon which relief can be granted.

### Second Affirmative Defense
### (No Infringement)

Defendants have not infringed, either literally or under the doctrine of equivalents, nor contributed to infringement by others, nor actively induced others, to infringe any claim of the '920 reexamined patent.

### Third Affirmative Defense
### (Unenforceability of Patent)

The '920 reexamined patent is unenforceable for inequitable conduct/fraud on the United States Patent & Trademark Office.

### Fourth Affirmative Defense
### (Invalidity of Patent)

The '920 reexamined patent is invalid and unenforceable for failure to comply, at least, with the provisions of 35 U.S.C. §§ 102, 103, and 112 and 37 C.F.R. Chapter 1.

### Fifth Affirmative Defense
### (Failure to Mark )

Maple Chase and its predecessors in interest failed to mark their products with the patent number in accordance with the provisions of 35 U.S.C.§ 287.

### Sixth Affirmative Defense
### (Patent Misuse)

The '920 reexamined patent is not enforceable under the doctrine of patent misuse.

### Seventh Affirmative Defense
**(Laches)**

The '920 reexamined patent is unenforceable against USI and barred under the doctrine of laches.

### Eighth Affirmative Defense
**(Waiver)**

Plaintiff, through itself and its predecessors in interest waived any claim that may have been asserted against any and all of the Defendants.

### Ninth Affirmative Defense
**(Estoppel)**

Plaintiff is estopped from asserting the '920 reexamined patent against Defendants.

### Tenth Affirmative Defense
**(General Denial)**

Defendants have not engaged in wrongful conduct as alleged in Plaintiff's Complaint.

### Eleventh Affirmative Defense
**(No Legal Recovery)**

Plaintiff has not suffered any legally recoverable damages as a result of any conduct by Defendants.

### Twelfth Affirmative Defense
**(Right to Assert Defenses that Develop)**

Defendants reserve the right to assert any additional or further affirmative defenses which may arise in the course of this proceeding.

WHEREFORE Defendants demand judgment against Plaintiff, dismissing with prejudice, the Complaint, and any other relief deemed justified by this Court.

## **COUNTERCLAIMS**
### **JURISDICTION AND VENUE**

17. Defendants, Counter-Plaintiffs, Universal Security Instruments, Inc. and USI Electric, Inc., (collectively "USI") pleads the following counterclaims against Plaintiff, Counter-Defendant, Maple Chase Company (Maple Chase) which arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, the Patent Statute, 35 U.S.C. §§ 101 *et seq,* Section 2 of the Sherman Act, 15 U.S.C. § 2, Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. § 510/1 et seq., and under 28 U.S.C. §§ 1337 and 1338(a).

18. There is a justiciable controversy concerning the invalidity, unenforceability, and non-infringement of U.S. Patent No Re: 33,920; Maple Chase's unlawful attempts to enforce the patent; and Maple Chase's unfair competition as set forth in the Amended Complaint and in the Answer to which this Counterclaim is appended.

19. This Court has subject matter jurisdiction over USI's counterclaims under 28 U.S.C. §§ 1332, 1337, 1338(a) and 1367 and Fed. R. Civ. P. 13.

### **ALLEGATIONS COMMON TO ALL COUNTS**

20. USI is in the business of developing and selling security and safety devices, including smoke detectors.

21. United States Patent No. Re: 33,920 issued on May 12, 1992 in the names of William P. Tanguay and James McCrink and purports to relate to certain Smoke Detectors Having Variable Sensitivity.

7

22. Re: 33,920 patent purports on its face to be assigned to Seatt Corporation of Downers Grove, Illinois.

23. According to the records of the United States Patent and Trademark Office, the last recorded assignment event relating to Re: 33,920 occurred in 1998 when Colman Safety & Security products assigned its rights to Maple Chase Company of Downers Grove, Illinois, said assignment being recorded at Reel 013089, Frame 0281.

24. A Request for Reexamination of Re: 33,920 was granted by the United States Patent & Trademark Office on October 12, 2004 on the basis that "a substantial new question of patentability affecting claims 1-5 and 7-37" was raised by the prior art in the Reexamination Request.

25. By statute, US Re: 33,920 and any reexamined patent that may issue expired on March 5, 2007.

26. During Reexamination, claims 18-22 and 25-30 were cancelled in view of the prior art cited in the Reexamination Request.

27. On May 13, 2008, a Reexamination Certificate for US RE 33,920 issued ("the '920 reexamined patent").

28. On June 25, 2008, Plaintiff filed its complaint alleging that Defendants infringe the '920 reexamined patent.

29. As early as 1987, USI commenced development and commercialization of smoke detector systems having variable sensitivity (a "hush" feature) incorporating Motorola chips 14467 and 14468 based on circuitry schematics and instructions provided by Motorola.

30. On July 23, 1999, James Reilly, Vice President of Finance and Administration of Maple Chase sent a letter to Harvey Grossblatt, President, USI Electric, Inc, enclosing a copy of RE33,920, inviting USI Electric to take a license under the patent and or otherwise comment by August 6, 1999.

31. On July 28, 1999, then Chairman of Universal Security Instruments, Inc. Michael Kovens, talked with Mr. Reilly on the telephone as reported in the follow-up letter of August 18, 1999. In that follow-up letter, Mr. Kovens advised Mr. Reilly that he had not received a copy of the discussed proposed license.

32. No further communications were received from Mr. Rielly.

33. Over three years later, on August 26, 2002, Timothy Dolan, Maple Chase's Vice President and General Counsel, sent a letter again enclosing a copy of Re: 33,920 and demanding that USI Electric respond to another licensing invitation by August 30, 2002.

34. On September 27 2002, USI's counsel responded to Mr. Dolan denying infringement and explaining that USI's Underwriter's Laboratories ("UL") approved smoke detectors were built according to the Motorola specification sheets and instructions and included circuitry external to the IC to diminish sensitivity.

35. On November 18, 2002, Maple Chase's outside counsel sent a response letter threatening suit unless USI reached a "business solution" with Maple Chase. The letter did not provide a substantive explanation regarding the Motorola chip data sheets or specifications.

36. On January 22, 2003, after an exchange of communications between counsel, Maple Chase presented terms for licensing. In July 2003, Maple Chase's counsel sent a follow-up letter.

37. On October 14, 2003, Plaintiff filed a Complaint against USI and USI Electric, Inc. in this Court alleging infringement of US Re: 33,920 (Civil Action No.: 1:03-cv-07205 N.D. Ill.).

38. On November 12, 2003 the Court *sua sponte* dismissed the Complaint without prejudice because the Complaint failed to indicate that the Court had jurisdiction over USI and USI Electric, Inc.

39. On February 2, 2004 Plaintiff filed an Amended Complaint and Motion for Reinstatement. The Amended Complaint added two local merchants to create jurisdiction and alleged that all of the Defendants were infringing US Re: 33,920.

40. Civil Action No.: 1:03-cv-07205 was dismissed in view of the grant of a Request for Reexamination of the asserted patent on October 20, 2004.

41. The United States Patent & Trademark Office found that certain prior art raised "substantial new question of patentability" of US Re: 33,920.

42. Amongst the prior art relied upon by the United States Patent & Trademark Office in ordering reexamination of US Re: 33,920 were the 1980 Motorola specification sheet for MC14466 and the 1984 Motorola specification sheet for MC 14467 ("Motorola specifications sheets"), and the requirements of the industry standards for smoke detectors contained in UL 217 as it existed in 1986. The Motorola specification sheets and UL 217 were prior art known to Maple Chase and its predecessors, the named inventors, and prosecution counsel during the prosecution of both US Re: 33,920 and its predecessor, US Patent No. 4,792,797.

43. Since 1987 USI has continuously produced its smoke detector systems having variable sensitivity, and Maple Chase and/or its predecessors have taken no action until

the filing of the prior lawsuit against Defendants in 2004.  Moreover, the first contact from Maple Chase regarding US Re: 33,920 was not until 1999, more than a decade after USI began selling its UL compliant variable sensitivity smoke detectors.

44.  Because the accused USI products are based on the prior art Motorola chip specifications, and because of the silence, inactivity, and acquiescence of the "patent owners" to USI for more than fifteen years, USI continuously produced, imported, and sold smoke detector models incorporating variable level sensitivity.

45. Because the United States Patent & Trademark Office found a substantial new question of patentability as to the claims of the patent in view of prior art some of which was raised in USI's defenses to the 2004 suit and some being prior art known to Plaintiff, its predecessors, the inventors and their patent counsel, which was not disclosed to the United States Patent & Trademark Office during prosecution of the predecessors of the '920 reexamined patent, USI continued to produce, import, and sell smoke detectors incorporating variable level sensitivity.

46. The '920 reexamined patent and its predecessors expired on March 7, 2007.

**COUNT 1**
**JUDGMENT OF NON-INFRINGEMENT**

47.  Counterclaim-Plaintiff USI hereby repeats and realleges the allegations contained in paragraphs 17 through 46.

48.  None of USI's current or former smoke detection systems, infringe any of the claims of the '920 reexamined patent.

49.  Counterclaim-Plaintiff USI's business has been, and continues to be, harmed by Counterclaim-Defendant Maple Chase's baseless allegations of infringement of the '920 reexamined patent.

## COUNT 2
## JUDGMENT OF INVALIDITY

50. Counterclaim-Plaintiff USI hereby repeats and realleges the allegations contained in paragraphs 17 through 46.

51. The '920 reexamined patent is invalid under 35 U.S.C. §§ 102 and 103 in view of prior art and/or prior invention.

52. Counterclaim-Plaintiff USI's business has been, and continues to be, harmed by Counterclaim-Defendant Maple Chase's attempted assertion of an invalid patent.

## COUNT 3
## JUDGMENT OF UNENFORCEABILITY
## (INEQUITABLE CONDUCT)

53. Counterclaim-Plaintiff USI hereby repeats and realleges the allegations contained in paragraphs 17 through 46.

54. The '920 reexamined patent identifies William P. Tanguay and James McCrink as as co-inventors and purports on its face to be assigned to Seatt Corporation.

55. The '920 reexamined patent identifies Niro, Scavone, Haller & Niro as the "Attorney, Agent, or Firm" that prosecuted Re: 33,920.

56. Both Figure 2 and the written specification of the '920 reexamined patent specifically identify the Motorola MC14467-P1 as being incorporated into the patent.

57. During the prosecution of the predecessors of the '920 reexamined patent the Motorola data sheets, specification sheets, and/or catalog sheets for the Motorola MC 14467-P1 were not provided to the U.S. Patent and Trademark Office by Maple Chase (or its predecessors).

58. The specification sheet for the Motorola MC14467 circuit teaches the use of the circuit in a "Low-Cost Smoke Detector."

12

59. The Motorola specification sheets detail components and circuitry for constructing a smoke detector having features, attributes and components which were more material to the patentability of the claims of than the references provided to the Examiner by Maple Chase and/or its predecessors, inventors William Tanguay, or James McCrink, and prosecution counsel as confirmed by the order granting Reexamination of US Re: 33,920.

60. UL 217 section 36 discusses the requirements and settings for variable sensitivity in smoke detectors which was more material to the patentability of one or more claims of the predecessors of the '920 reexamined patent, as confirmed by the cancellation of claims during the Reexamination proceeding, and not cumulative of the references provided to the Examiner by Maple Chase and/or its predecessors, inventors William Tanguay, or James McCrink, and prosecution counsel.

61. Maple Chase and/or its predecessors, inventors William Tanguay, and James McCrink, and prosecution counsel each had a duty to disclose material information to the United States Patent & Trademark Office.

62. Maple Chase and/or its predecessors, inventors William Tanguay, and James McCrink, and prosecution counsel were aware of the materiality of the teachings in the Motorola specification sheets and UL 217 specifications and intentionally failed to disclose those materials with the intent to deceive the United States Patent & Trademark Office into allowing U.S. Patent No. Re: 33,920 and or/ its predecessor US Patent No. 4,792,797 to issue.

63. The materiality of the information contained in the prior art Motorola MC 14467 data sheets and specifications is undeniable in view of the United States Patent &

Trademark Office's grant of a Request for Reexamination based on this prior art and other information in finding a substantial new question of patentability as to the claims.

64. The high materiality of the information contained in the UL 217 specification is undeniable in view of the cancellation of claims 18-22 and 25-30 during the Reexamination.

65. An intent to deceive the United States Patent & Trademark Office can be inferred from the high materiality of the prior art known to Maple Chase, the inventors, and prosecution counsel which was not disclosed during the prosecution of the predecessors of the '920 reexamined patent. Upon information and belief, Maple Chase, the inventors, and prosecution counsel intended to deceive the United States Patent & Trademark Office by withholding this highly material information.

66. The intentional withholding of knowingly material information from the United States Patent & Trademark Office during the prosecution of the predecessors of the '920 reexamined patent renders the '920 reexamined patent unenforceable for inequitable conduct.

67. Inequitable conduct cannot be cured through Reexamination.

68. Counter-Plaintiff USI's business has been, and continues to be, harmed by Counter-Defendant Maple Chase's baseless allegations of infringement of a knowingly unenforceable patent.

## JURY REQUEST

Defendants request a jury for all issues triable to a jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants/Counter-Plaintiffs pray for:

A. The Complaint to be dismissed;

B. A judgment declaring the '920 reexamined patent to be invalid and void;

C. A judgment declaring the '920 reexamined patent to be unenforceable;

D. A judgment declaring that Defendants have not infringed the '920 reexamined patent;

E. A judgment enjoining Plaintiff/Counter-Defendant from instituting, prosecuting, threatening to initiate civil action or proceeding, and/or asserting rights in the '920 reexamined patent against Defendants or others;

F. A judgment declaring this case to be exceptional under to 35 U.S.C. §285;

G. Costs of this litigation to be awarded to Defendants;

H. Defendants to be awarded its reasonable attorneys fees pursuant to 35 U.S.C. §285 and the inherent power of the Court; and

I. The Court to award any other relief that it deems just in these circumstances.

    Respectfully submitted,

    UNIVERSAL SECURITY INSTRUMENTS, INC. *et al.*

By:   /s/ Corey D. Mack  
    Counsel for Defendant/Counter-Plaintiff
    Corey D. Mack, Esq.(# 6271309 )
    (corey.mack@cahnsamuels.com)
    Maurice U. Cahn, Esq.
    William E. Bradley
    CAHN & SAMUELS, LLP
    1100 17TH Street, NW Suite 401
    Washington, D.C. 20036
    T: (202) 331-8777
    F: (202) 331-3838

RESIDENT LOCAL COUNSEL :
Donald F. Engel, Esq. (#6192125)
320 West Ohio Street, Ste. 501
Chicago, Illinois 60610
T: (312) 229-7900
F: (312) 229-7901
Email : chicagolaw@uscounsel.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAPLE CHASE COMPANY ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION NO. 1:08-cv-03641 |
| UNIVERSAL SECURITY ) | |
| INSTRUMENTS, INC., USI ELECTRIC, ) | Honorable Leinenweber |
| INC., CEMCO, INC. and CALLAS/ ) | |
| KINGSLEY ELECTRICAL SALES, INC. ) | |
| ) | |
| Defendants ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served on this 31st day of July 2008 on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/Corey D. Mack
Corey D. Mack