IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DISTRICT

| | |
|---|---|
| MAPLE CHASE COMPANY, ) | |
| ) | Civil Action No. 08 CV 3641 |
| Plaintiff, ) | |
| v. ) | Honorable Judge Leinenweber |
| ) | Magistrate Judge Valdez |
| UNIVERSAL SECURITY INSTRUMENTS, ) | |
| INC., USI ELECTRIC, INC., CEMCO, INC. ) | JURY TRIAL DEMANDED |
| and CALLAS/KINGSLEY ELECTRICAL ) | |
| SALES, INC., ) | |
| ) | |
| Defendants. ) | |

### MAPLE CHASE'S ANSWER TO USI'S COUNTERLCLAIMS

Plaintiff, Maple Chase Company ("Maple Chase"), hereby responds to the counterclaims alleged by Defendants, Universal Security Instruments, Inc. and USI Electric, Inc. (collectively "USI") as follows:

### JURISDICTION AND VENUE

17.   Defendants, Counter-Plaintiffs, Universal Security Instruments, Inc. and USI Electric, Inc., (collectively "USI") pleads the following counterclaims against Plaintiff, Counter-Defendant, Maple Chase Company (Maple Chase) which arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, the Patent Statute, 35 U.S.C. §§ 101 *et seq,* Section 2 of the Sherman Act, 15 U.S.C. § 2, Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. § 510/1 *et seq.*, and under 28 U.S.C. §§ 1337 and 1338(a).

**RESPONSE:**

Admitted that USI has asserted counterclaims against Maple Chase purporting to arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, the United States Patent Act, 35 U.S.C. §§ 101, *et seq.*, and 28 U.S.C. § 1338(a), but denied that USI is entitled to any of the relief which it has requested by way of such counterclaims. Denied that USI has asserted any counterclaims purporting to arise under Section 2 of

1

the Sherman Act, 15 U.S.C. § 2, the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. § 510/1 *et seq.*, or 28 U.S.C. § 1337.

18. There is a justiciable controversy concerning the invalidity, unenforceability, and non-infringement of U.S. Patent No Re: 33,920; Maple Chase's unlawful attempts to enforce the patent; and Maple Chase's unfair competition as set forth in the Amended Complaint and in the Answer to which this Counterclaim is appended.

**RESPONSE:**

Admitted that there is a justiciable controversy between Maple Chase and USI concerning USI's infringement of reexamined U.S. Patent No. RE33,920 ("the '920 reexamined patent").  The remaining allegations are denied.

19. This Court has subject matter jurisdiction over USI's counterclaims under 28 U.S.C. §§ 1332, 1337, 1338(a) and 1367 and Fed. R. Civ. P. 13.

**RESPONSE:**

Admitted that subject matter jurisdiction over USI's counterclaims is proper under 28 U.S.C. §§ 1332, 1338(a) and 1367.  The remaining allegations are denied.

### ALLEGATIONS COMMON TO ALL COUNTS

20. USI is in the business of developing and selling security and safety devices, including smoke detectors.

**RESPONSE:**

Admitted that USI has made, used, sold, offered for sale, and/or imported into the United States certain smoke detectors.  Maple Chase is without sufficient information to form a belief as to the remaining allegations presented in paragraph 20 of USI's counterclaims, and therefore denies such allegations.

21. United States Patent No. Re: 33,920 issued on May 12, 1992 in the names of William P. Tanguay and James McCrink and purports to relate to certain Smoke Detectors Having Variable Sensitivity.

**RESPONSE:**

    Admitted.

    22.    Re: 33,920 patent purports on its face to be assigned to Seatt Corporation of Downers Grove, Illinois.

**RESPONSE:**

    Admitted.

    23.    According to the records of the United States Patent and Trademark Office, the last recorded assignment event relating to Re: 33,920 occurred in 1998 when Colman Safety & Security products assigned its rights to Maple Chase Company of Downers Grove, Illinois, said assignment being recorded at Reel 013089, Frame 0281.

**RESPONSE:**

    Denied.

    24.    A Request for Reexamination of Re: 33,920 was granted by the United States Patent & Trademark Office on October 12, 2004 on the basis that "a substantial new question of patentability affecting claims 1-5 and 7-37" was raised by the prior art in the Reexamination Request.

**RESPONSE:**

    Admitted.

    25.    By statute, US Re: 33,920 and any reexamined patent that may issue expired on March 5, 2007.

**RESPONSE:**

    Admitted.

    26.    During Reexamination, claims 18-22 and 25-30 were cancelled in view of the prior art cited in the Reexamination Request.

**RESPONSE:**

    Admitted that claims 18-22 and 25-30 of U.S. Patent No. RE33,920 were cancelled in conjunction with a reexamination of that patent before the United States

Patent & Trademark Office, but denied that the cancellation was "in view of the prior art cited in the Reexamination Request."

27. On May 13, 2008, a Reexamination Certificate for US RE 33,920 issued ("the '920 reexamined patent").

**RESPONSE:**

Admitted.

28. On June 25, 2008, Plaintiff filed its complaint alleging that Defendants infringe the '920 reexamined patent.

**RESPONSE:**

Admitted.

29. As early as 1987, USI commenced development and commercialization of smoke detector systems having variable sensitivity (a "hush" feature) incorporating Motorola chips 14467 and 14468 based on circuitry schematics and instructions provided by Motorola.

**RESPONSE:**

Maple Chase is without sufficient information to form a belief as to the allegations presented in paragraph 29 of USI's counterclaims, and therefore denies such allegations.

30. On July 23, 1999, James Reilly, Vice President of Finance and Administration of Maple Chase sent a letter to Harvey Grossblatt, President, USI Electric, Inc, enclosing a copy of RE33,920, inviting USI Electric to take a license under the patent and or otherwise comment by August 6, 1999.

**RESPONSE:**

Admitted.

31. On July 28, 1999, then Chairman of Universal Security Instruments, Inc. Michael Kovens, talked with Mr. Reilly on the telephone as reported in the follow-up letter of August 18, 1999. In that follow-up letter, Mr. Kovens advised Mr. Reilly that he had not received a copy of the discussed proposed license.

**RESPONSE:**

Maple Chase is without sufficient information to form a belief as to the allegations presented in paragraph 31 of USI's counterclaims, and therefore denies such allegations.

32.　　No further communications were received from Mr. Rielly [sic].

**RESPONSE:**

Maple Chase is without sufficient information to form a belief as to the allegations presented in paragraph 32 of USI's counterclaims, and therefore denies such allegations.

33.　　Over three years later, on August 26, 2002, Timothy Dolan, Maple Chase's Vice President and General Counsel, sent a letter again enclosing a copy of Re: 33,920 and demanding that USI Electric respond to another licensing invitation by August 30, 2002.

**RESPONSE:**

Admitted that on August 26, 2002, Timothy Dolan, Maple Chase's Vice President and General Counsel, sent a letter to USI Electric, that a copy of U.S. Patent No. RE33,920 was enclosed therewith, and that said letter requested a response from USI by August 30, 2002. The remaining allegations are denied.

34.　　On September 27 2002, USI's counsel responded to Mr. Dolan denying infringement and explaining that USI's Underwriter's Laboratories ("UL") approved smoke detectors were built according to the Motorola specification sheets and instructions and included circuitry external to the IC to diminish sensitivity.

**RESPONSE:**

Admitted that on September 27, 2002, USI's counsel sent a response letter to Mr. Dolan, and further admitted that the response letter states what is written therein. The remaining allegations are denied, as are any characterizations or inferences suggesting that any statement provided in the referenced letter is and/or was accurate or correct.

5

35. On November 18, 2002, Maple Chase's outside counsel sent a response letter threatening suit unless USI reached a "business solution" with Maple Chase. The letter did not provide a substantive explanation regarding the Motorola chip data sheets or specifications.

**RESPONSE:**

Admitted that on November 18, 2002, Maple Chase's counsel sent a response letter to USI's counsel documenting the erroneous statements which had been set forth in USI's letter of September 27, 2002. It is further admitted that the letter of November 18, 2002, indicated that USI had a decision to make as to whether it desired to proceed with litigation regarding U.S. Patent No. RE33,920, or whether USI instead desired to reach a business resolution to resolve the patent dispute. The remaining allegations are denied.

36. On January 22, 2003, after an exchange of communications between counsel, Maple Chase presented terms for licensing. In July 2003, Maple Chase's counsel sent a follow-up letter.

**RESPONSE:**

Admitted.

37. On October 14, 2003, Plaintiff filed a Complaint against USI and USI Electric, Inc. in this Court alleging infringement of US Re: 33,920 (Civil Action No.: 1:03-cv-07205 N.D. Ill.).

**RESPONSE:**

Admitted.

38. On November 12, 2003 the Court *sua sponte* dismissed the Complaint without prejudice because the Complaint failed to indicate that the Court had jurisdiction over USI and USI Electric, Inc.

**RESPONSE:**

Admitted that on November 12, 2003, the Court entered a *sua sponte* Order dismissing the Complaint without prejudice because Maple Chase's allegations

6

regarding jurisdiction and venue were, in the words of the Court, "too general and based on information and belief." The remaining allegations are denied.

39. On February 2, 2004 Plaintiff filed an Amended Complaint and Motion for Reinstatement. The Amended Complaint added two local merchants to create jurisdiction and alleged that all of the Defendants were infringing US Re: 33,920.

**RESPONSE:**

Admitted that on February 2, 2004, Maple Chase filed an Amended Complaint and Motion for Reinstatement. It is further admitted that the Amended Complaint added as defendants two additional parties having places of business in the Northern District of Illinois, and that all named defendants were accused of infringing U.S. Patent No. RE33,920. The remaining allegations are denied.

40. Civil Action No.: 1:03-cv-07205 was dismissed in view of the grant of a Request for Reexamination of the asserted patent on October 20, 2004.

**RESPONSE:**

Admitted.

41. The United States Patent & Trademark Office found that certain prior art raised "substantial new question of patentability" of US Re: 33,920.

**RESPONSE:**

Admitted that in the initial course of ordering reexamination of U.S. Patent No. RE33,920, the United States Patent & Trademark Office found that a "substantial new question of patentability" had been raised. It is further admitted that the United States Patent & Trademark Office confirmed the patentability of claims 1-17, 23, 24 and 31-38 of the RE33,920 patent over all prior art which had been submitted as part of the reexamination proceeding.

42.     Amongst the prior art relied upon by the United States Patent & Trademark Office in ordering reexamination of US Re: 33,920 were the 1980 Motorola specification sheet for MC14466 and the 1984 Motorola specification sheet for MC 14467 ("Motorola specifications sheets"), and the requirements of the industry standards for smoke detectors contained in UL 217 as it existed in 1986. The Motorola specification sheets and UL 217 were prior art known to Maple Chase and its predecessors, the named inventors, and prosecution counsel during the prosecution of both US Re: 33,920 and its predecessor, US Patent No. 4,792,797.

**RESPONSE:**

Admitted that in the initial course of ordering reexamination of U.S. Patent No. RE33,920, the United States Patent & Trademark Office made reference to the Motorola specification sheets and the UL 217 standard. The remaining allegations are denied.

43.     Since 1987 USI has continuously produced its smoke detector systems having variable sensitivity, and Maple Chase and/or its predecessors have taken no action until the filing of the prior lawsuit against Defendants in 2004. Moreover, the first contact from Maple Chase regarding US Re: 33,920 was not until 1999, more than a decade after USI began selling its UL compliant variable sensitivity smoke detectors.

**RESPONSE:**

Admitted that Maple Chase first contact USI regarding U.S. Patent No. RE33,920 in 1999. The remaining allegations are denied.

44.     Because the accused USI products are based on the prior art Motorola chip specifications, and because of the silence, inactivity, and acquiescence of the "patent owners" to USI for more than fifteen years, USI continuously produced, imported, and sold smoke detector models incorporating variable level sensitivity.

**RESPONSE:**

Admitted that USI has made, used, sold, offered for sale and/or imported into the United States, smoke detector models incorporating variable level sensitivity. The remaining allegations are denied.

45.     Because the United States Patent & Trademark Office found a substantial new question of patentability as to the claims of the patent in view of prior art some of which was raised in USI's defenses to the 2004 suit and some being prior art known to Plaintiff, its predecessors, the inventors and their patent counsel, which was not disclosed to the United States Patent & Trademark Office during prosecution of the predecessors of the '920 reexamined patent, USI continued to produce, import, and sell smoke detectors incorporating variable level sensitivity.

**RESPONSE:**

Admitted that USI has continued to make, use, sell, offer for sale and/or import into the United States, smoke detectors incorporating variable level sensitivity. The remaining allegations are denied.

46.     The '920 reexamined patent and its predecessors expired on March 7, 2007.

**RESPONSE:**

Denied.  The '920 reexamined patent expired on March 5, 2007.

**COUNT 1**
**JUDGMENT OF NON-INFRINGEMENT**

47.     Counterclaim-Plaintiff USI hereby repeats and realleges the allegations contained in paragraphs 17 through 46.

**RESPONSE:**

Maple Chase hereby incorporates its responses to paragraphs 17 through 46 of USI's counterclaims as if fully set forth herein.

48.     None of USI's current or former smoke detection systems, infringe any of the claims of the '920 reexamined patent.

**RESPONSE:**

Denied.

49.     Counterclaim-Plaintiff USI's business has been, and continues to be, harmed by Counterclaim-Defendant Maple Chase's baseless allegations of infringement of the '920 reexamined patent.

9

**RESPONSE:**

Denied.

## COUNT 2
## JUDGMENT OF INVALIDITY

50.    Counterclaim-Plaintiff USI hereby repeats and realleges the allegations contained in paragraphs 17 through 46.

**RESPONSE:**

Maple Chase hereby incorporates its responses to paragraphs 17 through 46 of USI's counterclaims as if fully set forth herein.

51.    The '920 reexamined patent is invalid under 35 U.S.C. §§ 102 and 103 in view of prior art and/or prior invention.

**RESPONSE:**

Denied.

52.    Counterclaim-Plaintiff USI's business has been, and continues to be, harmed by Counterclaim-Defendant Maple Chase's attempted assertion of an invalid patent.

**RESPONSE:**

Denied.

## COUNT 3
## JUDGMENT OF UNENFORCEABILITY
## (INEQUITABLE CONDUCT)

53.    Counterclaim-Plaintiff USI hereby repeats and realleges the allegations contained in paragraphs 17 through 46.

**RESPONSE:**

Maple Chase hereby incorporates its responses to paragraphs 17 through 46 of USI's counterclaims as if fully set forth herein.

54.    The '920 reexamined patent identifies William P. Tanguay and James McCrink as co-inventors and purports on its face to be assigned to Seatt Corporation.

**RESPONSE:**

     Admitted.

     55.    The '920 reexamined patent identifies Niro, Scavone, Haller & Niro as the "Attorney, Agent, or Firm" that prosecuted Re: 33,920.

**RESPONSE:**

     Admitted.

     56.    Both Figure 2 and the written specification of the '920 reexamined patent specifically identify the Motorola MC14467-P1 as being incorporated into the patent.

**RESPONSE:**

     Admitted that the '920 reexamined patent states what is written therein and illustrates what is depicted therein with respect to the Motorola MC 14467-P1. The allegations are otherwise denied.

     57.    During the prosecution of the predecessors of the '920 reexamined patent the Motorola data sheets, specification sheets, and/or catalog sheets for the Motorola MC 14467-P1 were not provided to the U.S. Patent and Trademark Office by Maple Chase (or its predecessors).

**RESPONSE:**

     Admitted that Maple Chase did not provide the referenced items to the United States Patent & Trademark Office. The allegations are otherwise denied.

     58. The specification sheet for the Motorola MC14467 circuit teaches the use of the circuit in a "Low-Cost Smoke Detector."

**RESPONSE:**

     Admitted that the specification sheet for the Motorola MC 14467 states what is written therein. The allegations are otherwise denied.

     59.    The Motorola specification sheets detail components and circuitry for constructing a smoke detector having features, attributes and components which were more material to the patentability of the claims of [sic] than the references provided to

the Examiner by Maple Chase and/or its predecessors, inventors William Tanguay, or James McCrink, and prosecution counsel as confirmed by the order granting Reexamination of US Re: 33,920.

**RESPONSE:**

Denied.

60. UL 217 section 36 discusses the requirements and settings for variable sensitivity in smoke detectors which was more material to the patentability of one or more claims of the predecessors of the '920 reexamined patent, as confirmed by the cancellation of claims during the Reexamination proceeding, and not cumulative of the references provided to the Examiner by Maple Chase and/or its predecessors, inventors William Tanguay, or James McCrink, and prosecution counsel.

**RESPONSE:**

Denied.

61. Maple Chase and/or its predecessors, inventors William Tanguay, and James McCrink, and prosecution counsel each had a duty to disclose material information to the United States Patent & Trademark Office.

**RESPONSE:**

Denied on the basis that the allegation is not tied to any particular patent application pending before the United States Patent & Trademark Office.

62. Maple Chase and/or its predecessors, inventors William Tanguay, and James McCrink, and prosecution counsel were aware of the materiality of the teachings in the Motorola specification sheets and UL 217 specifications and intentionally failed to disclose those materials with the intent to deceive the United States Patent & Trademark Office into allowing U.S. Patent No. Re: 33,920 and or/ its predecessor US Patent No. 4,792,797 to issue.

**RESPONSE:**

Denied.

63. The materiality of the information contained in the prior art Motorola MC 14467 data sheets and specifications is undeniable in view of the United States Patent & Trademark Office's grant of a Request for Reexamination based on this prior art and other information in finding a substantial new question of patentability as to the claims.

**RESPONSE:**

Denied.

64. The high materiality of the information contained in the UL 217 specification is undeniable in view of the cancellation of claims 18-22 and 25-30 during the Reexamination.

**RESPONSE:**

Denied.

65. An intent to deceive the United States Patent & Trademark Office can be inferred from the high materiality of the prior art known to Maple Chase, the inventors, and prosecution counsel which was not disclosed during the prosecution of the predecessors of the '920 reexamined patent. Upon information and belief, Maple Chase, the inventors, and prosecution counsel intended to deceive the United States Patent & Trademark Office by withholding this highly material information.

**RESPONSE:**

Denied.

66. The intentional withholding of knowingly material information from the United States Patent & Trademark Office during the prosecution of the predecessors of the '920 reexamined patent renders the '920 reexamined patent unenforceable for inequitable conduct.

**RESPONSE:**

Denied.

67. Inequitable conduct cannot be cured through Reexamination.

**RESPONSE:**

This paragraph calls for a legal conclusion to which no response from Maple Chase is required. To the extent a response is required, the allegations are denied.

68. Counter-Plaintiff USI's business has been, and continues to be, harmed by Counter-Defendant Maple Chase's baseless allegations of infringement of a knowingly unenforceable patent.

**RESPONSE:**

Denied.

## **MAPLE CHASE'S AFFIRMATIVE DEFENSES TO USI'S COUNTERCLAIMS**

USI's counterclaims fail to state a claim upon which relief can be granted.

## **PRAYER FOR RELIEF**

WHEREFORE, Maple Chase respectfully requests that judgment be entered in its favor and against USI with respect to the counterclaims brought by USI. Maple Chase further requests that it be granted all of the relief requested in its Complaint against all named defendants.

## **JURY DEMAND**

Maple Chase hereby respectfully requests a trial by jury on all issues triable to a jury in this case.

Respectfully submitted,

MAPLE CHASE COMPANY

Dated: August 22, 2008

By:   /s/ Robert A. Conley
Timothy J. Haller
Paul K. Vickrey
Frederick C. Laney
Robert A. Conley
Laura A. Kenneally
NIRO, SCAVONE, HALLER & NIRO
181 W. Madison Street, Suite 4600
Chicago, IL 60602
Phone:  (312) 236-0733
Fax:  (312) 236-1471

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2008, I caused the foregoing **MAPLE CHASE'S ANSWER TO USI'S COUNTERCLAIMS** to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record who have consented to electronic service as identified on the Notice of Electronic Filing. Any other counsel of record will be served by United States Mail on this same date.

>Corey D. Mack
>Maurice U. Cahn
>William E. Bradley
>CAHN & SAMUELS, LLP
>1100 17TH Street, NW, Suite 401
>Washington, D.C. 20036
>Phone: (202) 331-8777
>Fax:  (202) 331-3838
>
>Donald F. Engel, Esq.
>320 West Ohio Street, Suite 501
>Chicago, IL 60610
>Phone:  (312) 229-7900
>Fax:  (312) 229-7901
>
>*Counsel for Defendants*

　　　　　　　　　　　　　　　　　　　　　　/s/ Robert A. Conley